ELECTRONICALLY FILED
2015 Mar 12 PM 4:47
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000667-CE

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Bldg., Suite 1010
200 W. Douglas
Wichita, KS 67202
316-267-1562

## IN THE EIGHTEENTH JUDICIAL DISTRICT COURT
## SEDGWICK COUNTY, KANSAS

DAVID YINGER,
  *Plaintiff,*

v.                                          Case No. _____

POSTAL PRESORT, INC.,
  *Defendant.*

Pursuant to K.S.A. Chapter 60

## PETITION

COMES NOW the Plaintiff David Yinger, by and through his counsel Donald N. Peterson, II and Sean M. McGivern, of the law firm Withers, Gough, Pike, Pfaff & Peterson, LLC, and for his causes of action against the Defendant states as follows:

1. Plaintiff David Yinger is a citizen of the state of Kansas, residing at 2325 E. Rivera St., Wichita KS 67211.

2. Defendant Postal Presort, Inc. ("Postal") may be served by service upon its registered service agent: Bryan Pulliam at 802 W. 2nd St. N,, Wichita, KS 67203.

3. Jurisdiction and venue are proper in this court because Defendant does business in Sedgwick County.

4. Plaintiff worked for Postal from 2008 until being terminated in April 2013.

5. Plaintiff has at all relevant times been a covered employee under the Americans with Disabilities Act, 41 U.S.C. § 12101 et seq. ("ADA").

6. Defendant at all relevant times was Plaintiff's employer under the ADA.


EXHIBIT A

7. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or about December 3, 2013. He received a Right to Sue Letter on or about December 18, 2014, authorizing him to file a lawsuit against Postal within 90 days.

8. This lawsuit is timely filed per the Right to Sue Letter.

9. For years plaintiff has suffered from Wolf-Parkinson-White Syndrome and related coronary artery disease issues. He has a pacemaker. Plaintiff's conditions substantially limit his ability to walk distances, stand, and lift.

10. Despite plaintiff's limitations, he was at all times able to work as a machine operator for Postal. He even regularly worked more than 40 hours in a week.

11. In December 2012, plaintiff needed the battery in his pacemaker changed. This required a surgery and approximately two weeks of recovery.

12. In January 2013, after plaintiff had returned to work, he unfortunately developed a serious infection. Plaintiff's doctor told him he needed further surgery and treatment and that it would take approximately 3 months off of work.

13. Plaintiff informed Postal of this situation and requested time off. Postal approved leave under the Family Medical Leave Act. Postal informed plaintiff that his entitlement to FMLA leave would expire on April 17, 2013.

14. Throughout his recovery, plaintiff kept Postal informed of the status of his recovery.

15. On March 11, 2013, Yinger informed Presort that his doctor had informed him his anticipated return to work date was April 23, 2013.

16. Postal acknowledged that Yinger's return to work date was April 23, 2013.

17. Plaintiff specifically asked Postal's HR office to inquire whether this later date would be acceptable. He was told by the HR representative (Evelin Nicholes) that Bryan Pulliam at Postal said "we will deal with that when the times comes."

18. The ADA requires employers like Postal to hold a position open for reasonable periods of time as a reasonable accommodation for employees with disabilities.

19. Providing someone with 6 days of leave is a reasonable accommodation under the ADA.

20. On April 23, 2013, Evelin Nicholes called plaintiff and told him that Postal would not be returning him to work. Plaintiff went to his doctor's office and picked up his return to work slip. He then went in to the Postal facility and met Evelin Nicholes, returning his uniforms. Plaintiff expected to receive a termination letter, but Evelin told him that Bryan said not to provide any letter.

21. On April 23, 2013, Yinger visited his doctor and received a release to return to work.

22. Bryan Pulliam previously provided testimony about this as follows: "And at twelve weeks it was our understanding that, if, if he was unable to return by the end of twelve weeks that would inherently terminate his relationship, not by our actions, simply by his failure to reappear."

23. On April 23, 2013, Plaintiff was ready, willing and able to perform the duties of his position at Postal.

24. At all relevant times, Postal regarded plaintiff as disabled under 42 U.S.C. § 12102.

25. Postal's failure to return plaintiff to work after his recover violated the ADA. Plaintiff requested a reasonable accommodation of hold his position open another 6 days beyond

the previously authorized FMLA leave. This accommodation would have been reasonable for Postal to provide.

26. Postal's failure to return plaintiff to work after recovery was in retaliation for his prior requests for reasonable accommodation of his disabilities, in violation of 42 U.S.C. § 12203.

27. Postal had it in for Yinger because of his participation in OSHA's 2012 investigation of Postal. In 2012, Pulliam had disparaged those who turned his company into OSHA as "worms."

28. Postal used the expiration of Yinger's FML as a reason to get rid of him in retaliation for Yinger's participation in the OSHA investigation.

## Prayer for Relief

Plaintiff requests this Court enter judgment in his favor and order Postal to provide him with all relief to which he is legally entitled, including but not limited to: reinstatement, lost wages and benefits, including interest, compensatory damages for pain and suffering, punitive damages, costs, expenses, attorney's fees, and such other and further relief as the Court may deem just and appropriate.

Dated: March 12, 2015                    Respectfully Submitted,

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Building
200 W. Douglas, Suite 1010
Wichita, KS 67202
316.267.1562 (Telephone)
316.303.1018 (Facsimile)


_____/s Sean McGivern_____
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

COME NOW the plaintiff and respectfully demands a trial by a jury in the above captioned matter.

/s Sean McGivern
Donald N. Peterson, II
Sean M. McGivern