IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID YINGER,                    )
                                 )
                    Plaintiff,   )
VS                               )          No. 6:15-cv-01106-JTM-JPO
                                 )
POSTAL PRESORT, INC.,            )
                                 )
                    Defendant.   )
_____)

## **ANSWER**

COMES NOW Defendant, Postal Presort, Inc., and its answer to Plaintiff's Petition herein, states, alleges, admits, and denies as follows:

1.      All allegations contained in the Petition not expressly admitted herein are denied.

2.      Defendant admits Paragraphs 1, 2, 3, and 4 of the Petition.

3.      With respect to Paragraphs 5 and 6 of the Petition, Defendant admits that it is an employer subject to the Americans With Disabilities Act, but denies that it denied any protected rights of Plaintiff provided by such Act.

4.      Defendant admits Paragraphs 7 and 8 of the Petition.

5.      With respect to Paragraph 9, Defendant lacks sufficient knowledge concerning the specifics of Plaintiff's physical health, and therefore denies the same.

6.      With respect to Paragraphs 10, 11, and 12, Defendant admits that Plaintiff worked full time for Defendant, and eventually requested time off, giving as the reason a desire to replace a battery in a pacemaker.  Defendant further admits that, after seeking a replacement battery for a pacemaker, Plaintiff sought additional time off and requested FMLA leave.

7.      Defendant admits Paragraph 13 of the Petition.

*David Yinger vs Postal Presort, Inc.*                                                   *Answer*
*Case No.*

8.      Defendant denies Paragraphs 14, 15, 16, and 17 of the Petition.

9.      With respect to Paragraphs 18 and 19 of the Petition, Defendant denies that the ADA requires "employers like Postal" to hold positions open following the conclusion of FMLA leave time, denies that Defendant was obligated to keep a position open for Plaintiff beyond his FMLA leave time, and alleges that holding a position for Plaintiff would have represented an unreasonable hardship on Plaintiff, and would not have been a reasonable accommodation under the ADA.

10.     With respect to Paragraphs 20 and 21 of the Petition, Defendant lacks knowledge of specific actions taken by Plaintiff with respect to his doctor visit, and therefore denies the same.

11.     With respect to Paragraph 22 of the Petition, Defendant admits that it understood then, and now, that an employee who was unable to return to work at the end of the FMLA leave was not entitled to a guaranteed position, under all circumstances.

12.     Defendant denies Paragraphs 23 through 28 of the Petition.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

14.     Plaintiff has not suffered damages of the nature, or to the extent alleged.

15.     Defendant denies that Plaintiff is entitled to reinstatement, or to the recovery of any lost wages, compensatory damages, punitive damages, or the recovery of any attorney fees.

WHEREFORE, Defendant prays for judgment against Plaintiff herein; for its costs and attorney fees herein; and for such other and further relief as this Court deems just and equitable.

*David Yinger vs Postal Presort, Inc.*                                                      *Answer*
*Case No.*

Respectfully submitted,

SHERWOOD, HARPER, DAKAN,
UNRUH & PRATT, LC


By s/Kurt A. Harper
    Kurt A. Harper  (10066)
    833 N. Waco
    P.O. Box 830
    Wichita, KS   67201
    Telephone: 316-267-1281
    Fax: 316-267-4086
    kurt.harper@sherwoodharper.com
    *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Donald N. Peterson
*Email:  dpeterson@withersgough.com*

Sean M. McGivern
*Email:  smcgivern@withersgough.com*

Nathan R. Elliott
*Email: nelliott@withersgough.com*

*Attorneys for Plaintiff*


                            s/ Kurt A. Harper
                            Kurt A. Harper