IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

David Yinger,
    Plaintiff,

          v.                                      No. 15-1106-JTM

Postal Presort, Inc.,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant's Motion for Judgment as a Matter of Law and for New Trial. (Dkt. 120). The defendant argues that plaintiff was not entitled to any monetary recovery for his ADA claim, based on its interpretation of the Pretrial Order. Defendant also argues that plaintiff's retaliatory discharge claim required proof of actual whistleblowing, and that the court erred in finding that such a claim may exist where an employer retaliates based on a mere suspicion of a worker's actions. Defendant argues that a new trial is warranted because its evidence of undue hardship was allegedly uncontroverted, that the jury's award of $26,000 was speculative, and because the court's instructions failed to require any specific request for accommodation by the plaintiff. For the reasons provided herein, the court overrules the defendant's objections.

In resolving a motion for judgment as a matter of law, the court draws all reasonable inferences in favor of the nonmovant. *See In re Cox Enterprises, Inc.*, 871 F.3d 1093 1096 (10th Cir. 2017). The court may grant judgment as a matter of law only when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would

not have a legally sufficient evidentiary basis to find for the party on that issue." *See id.* (quoting Fed.R.Civ.P. 50(a)(1)). Stated another way, "judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Id*. (citations and quotations omitted).

Under Rule 59(a), the court may grant a new trial for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Such motions, which are committed to the discretion of the trial court, are not regarded with favor and are granted only with great caution. *Paradigm All., Inc. v. Celeritas Techs.*, 722 F. Supp. 2d 1250, 1258 (D. Kan. 2010). They are generally granted only "when the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done." *Wirtz v. Kan. Farm Bureau Servs.*, 311 F. Supp. 2d 1197, 1226 (D. Kan. 2004). A party seeking to set aside a jury verdict "bear[s] the heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence." *Util. Trailer Sales of Kansas City v. MAC Trailer Mfg.*, 734 F. Supp. 2d 1210, 1216 (D. Kan. 2010), *aff'd*, 443 Fed.Appx. 337 (10th Cir. 2011).

First, the court rejects defendant's argument that plaintiff cannot recover monetary damages for his ADA claim. The defendant correctly notes that in the Pretrial Order, the plaintiff asserts that the ADA required defendant to provide "one additional week of leave beyond the 12 weeks of [FMLA} leave." (Dkt. 52, at 2). However, this statement appears in a short summary of "Governing Law," and should not be taken as a limitation on the scope

of plaintiff's recovery.

In the subsequent summary of his factual contentions, plaintiff again mentions his "request for one additional week of leave," but does so as a basis for stating that the request was a reasonable accommodation under the ADA, and that the "failure to provide this ... is discrimination." (Dkt. 52, at 5). Plaintiff further alleges that not only was he not given this additional week, he was terminated by the defendant.

The court construes the Pretrial Order to include allegations of ADA discrimination which manifested itself in the termination of the plaintiff. First, the fact of termination is simply the other side of the coin: by refusing any extension of the FMLA leave, the defendant effectively terminated the plaintiff. It is in this context that plaintiff asserts that defendant cannot be believed about the central question in the case: "why [his] employment ended." (*Id*.)

Second, the Pretrial Order alleges that "[o]*ne of the reasons* [defendant] decided not to grant one additional week of leave" was because defendant's President, Bryan Pulliam, wanted to retaliate for prior OSHA reports. (*Id*.) (emphasis added). That is, the termination of the employment was caused by disability discrimination *and* by a desire to retaliate. The most natural reading of the Pretrial Order is that the question of "why plaintiff's employment ended" touched on both causes of action.

This construction is confirmed by the section of the Pretrial Order in which plaintiff sets out his claims for "wrongful termination" — which is not separated into separate categories for termination under the ADA and termination in violation of Kansas law.

3

There is no separate calculation of damages for lost income during the requested additional week. Rather, plaintiff requests damages based on the "wrongful termination at the end of April 2013," which took the form of lost wages of $21,666 during the remainder of 2013 and $11,243 in 2014, and then $4000 in each of 2015 and 2016 after he found alternative, but less remunerative employment.

The most reasonable construction of the Pretrial Order is that plaintiff alleged that he was terminated both because of disability discrimination and because of wrongful retaliation for prior OSHA complaints, and that plaintiff was seeking monetary recovery for both.

The court properly submitted plaintiff's state retaliation claim to the jury. The defendant correctly notes Kansas cases have approved retaliation claims where plaintiff has demonstrated that he was the whistleblower. *See Palmer v. Brown*, 242 Kan. 893, 893, 752 P.2d 685, 685 (1988) (retaliation requires proof "the employer had knowledge of the employee's reporting"). *See also Lykins v. CertainTeed Corp.*, No. 11-2133-JTM, 2012 WL 5471254, at *7 (D. Kan. Nov. 9, 2012), *aff'd*, 555 F. App'x 791 (10th Cir. 2014) ("the plaintiff in a Kansas whistleblower action must show by clear and convincing evidence that he reported the wrongdoing").

At the same time, the Kansas Supreme Court has also indicated that a claim for retaliatory discharge "will lie if the employer believed the plaintiff was the source of reported protected comments" and discharged him for that reason, even if the plaintiff did not actually engage in the protected activity. *See Larson v. Ruskowitz*, 252 Kan. 963, 850 P.2d

4

253, 261 (1993), citing *Pilcher v. Board of Wyandotte County Comm'rs*, 14 Kan.App.2d 206, 787 P.2d 1204, *rev. denied* 246 Kan. 768 (1990). Further, such a claim may lie even if plaintiff has not actually engaged in protected activity, but the employer suspects the worker might engage in such activity in the future. *See Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988) (plaintiff on leave due to injury allegedly fired because employer believed he would file a workers compensation claim in the future).

The principle of deterrence which underlies the tort of retaliatory discharge applies whether or not retaliating employer lashes out at the correct target. The court finds no reason to believe that Kansas courts would carve out an exception to the doctrine and refuse to protect workers who are terminated by vengeful employers acting in the mistaken belief that they were the whistleblower. Although condemned as *dicta*, the court notes that the Tenth Circuit reached a similar conclusion in its consideration of the present case. *See Yinger v. Postal Presort, Inc.*, 693 F. App'x 768, 775 (10th Cir. 2017) (citing *Larson* and observing "Kansas courts have further held that a retaliatory discharge claim 'will lie if the employer believed the plaintiff was the source of reported protected comments' and discharged him for that reason, even if the plaintiff did not actually engage in the protected activity").[1]

---

[1] It is not clear the Tenth Circuit's observation was *dicta*, since a contrary view of Kansas law would have been fatal for plaintiff's claim. The court summarized the relevant Kansas law, with its approving citation to *Larson*, only after it had explicitly observed that "[t]here is no evidence Yinger reported PPI to OSHA; however, Bryan Pulliam, the President and owner of PPI, concedes he believed Yinger filed such a report, thereby triggering the investigation." 693 Fed. Appx. at 768.

5

Here, the court's instructions were designed to avoid the dangers, identified in the case law, of liability for an innocent employer, or protection for the spiteful employee. The plaintiff was thus required to prove (1) that a reasonably prudent person would have concluded defendant was actually violating federal safety regulations, (2) that defendant believed one of its workers "reported such violations out of a good faith concern" over their existence, (3) that defendant believed plaintiff made the report, and (4) that defendant fired plaintiff "in retaliation for the report." (Dkt. 116, Instr. 18).

The defendant's evidence of undue hardship was not uncontroverted. First, Pulliam himself agreed in cross-examination that he could have allowed plaintiff to return to his job. Second, the evidence of hardship largely relied on Pulliam's testimony, and the jury was not compelled to believe his story in the face of what the Tenth Circuit accurately described as defendant's "inconsistent and contradictory" explanations for the ending of plaintiff's employment. 693 Fed.Appx. at 774.

The court also finds no basis for a new trial based upon the jury's supposedly speculative award of $26,000 in economic damages. This figure is closely tied to plaintiff's annual earnings while he was last employed at Postal Presort, and appears to reflect the jury's determination that twelve months of lost wages was an appropriate remedy under the facts of the case.

The court finds that a new trial is not warranted based on defendant's argument that the court's instructions erred in failing to require a specific request for accommodation or for the plaintiff to engage in an interactive process by which he might return to work.

6

Instruction Number 14 explicitly required the jury to find the defendant denied a reasonable "accommodation identified by the Plaintiff."

As noted earlier, the refusal of the accommodation — allowing an additional week of leave — is simply the opposite side of the coin of plaintiff's termination. The evidence amply supports the conclusion that the refusal to allow extra leave occurred in conjunction with Pulliam's decision to terminate the plaintiff: After the end of the leave period, Pulliam directed: "He [Yinger] used to be an employee, and now is not." Pulliam's announcements that there was "not a current position open for" plaintiff and that he had "no need to visit with" him made the termination clear, and obviated any need for additional efforts of remediation on the part of plaintiff.

Next, plaintiff seeks an award of prejudgment interest at the Kansas statutory rate, K.S.A. 16-201, because the jury's judgment reflects an award of back pay. Plaintiff notes that the Tenth Circuit has approved prejudgment interest for lost back pay as an "element of compensation" in discrimination cases. *See Reed v. Minera*, 438 F.3d 1063, 1066 (10th Cir. 2006).

Defendant opposes any award of prejudgment interest, arguing, consistent with its motion for new trial, that plaintiff's ADA claim was limited to the "failure to accommodate six additional days of unpaid leave," (Dkt. 123, at 2). The recovery is not liquidated damages, it argues, based on evidence of plaintiff's actual earnings, and distinguishes *Reed* on the grounds that that case involved intentional discrimination, and the "complete compensation" authorized in *Reed* "only comes into play when Plaintiff's actual economic

7

loss begins." (*Id.*) Defendant notes the existence of unemployment compensation during the relevant time period, and further argues that the Kansas statute interest rate of 10% is excessive.

The court finds that the requested award of $8,872.05 in prejudgment interest is fair and appropriate. As discussed earlier, the plaintiff's recovery under his ADA claim was not limited to the single week of extended leave. The denial of plaintiff's requested accommodation led to the termination of his employment. Plaintiff's damages began to accrue immediately, and an award of prejudgment interest is appropriate, because the denial of accommodation was a form of discrimination under the ADA. Given the evidence in the case, the amount of damages, $26,000, reflects a determination that plaintiff was entitled to twelve months of lost wages.

The court further finds that the Kansas statutory interest rate is fair under the circumstances of the case.

Plaintiff has also moved for an award of attorney fees. (Dkt. 118). The court deferred additional briefing until resolution of defendant's motion. (Dkt. 126). Consistent with that order, plaintiff shall file any supplement in support of his motion within 14 days of the present order.

IT IS ACCORDINGLY ORDERED this 15th day of May, 2018, that the defendant's Motion for Judgment as a Matter of Law and for New Trial (Dkt. 120) is denied; plaintiff's Motion for Prejudgment Interest (Dkt. 119) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE